IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Antrell Jermaine Fordham, # 262332, *a/k/a Antrell Fordham, a/k/a Antrell J. Fordham*, <br><br>                         Plaintiff, <br><br> v. <br><br> Joseph McFadden, *in his individual capacity*, <br><br>                         Defendant. | ) C/A No.: 2:15-cv-89-RMG-MGB <br> ) <br> ) <br> ) **REPORT AND RECOMMENDATION** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Plaintiff Antrell Jermaine Fordham ("Plaintiff" or "Fordham"), proceeding pro se and in forma pauperis, brings this civil action against Defendant Joseph McFadden, Warden of Lieber Correctional Institution ("LCI") of the South Carolina Department of Corrections ("SCDC"). (See generally Compl.) Pursuant to the provisions of 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review such complaints for relief and to submit findings and recommendations to the District Court. After careful review, the undersigned recommends that Plaintiff's Complaint be summarily dismissed, without prejudice and without issuance and service of process, for the reasons stated below.

### PRO SE AND IN FORMA PAUPERIS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404

U.S. 519 (1972); and Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke, 490 U.S. 319.

This Court is required to liberally construe pro se documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, a pro se complaint is subject to summary dismissal. The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't. of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

In the instant lawsuit, Plaintiff brings the same claim as he brought in one of his previous cases, Fordham v. McFadden, Civ. A. No. 2:13-cv-2596-RMG.[1] Plaintiff complains in both cases of lost sneakers. Plaintiff alleges in the instant case that when he "came off S.M.U." on June 21, 2011, he noticed his sneakers were missing from his property bag. (Dkt. No. 1 at 3 of 5.) Plaintiff asserts he filed a grievance which was answered "a little over a year later" by Defendant McFadden, who "stated that [Plaintiff's] sneakers were misplaced during [Plaintiff's] stay in S.M.U." (Id.) According to Plaintiff, Defendant McFadden "stated that [Plaintiff] was issued a pair of clogs" on May 7, 2012. (Id.) Plaintiff states,

> Mr. Fordham has contradicting document of this statement attached to this verified complaint from the commissary stating that I received clogs on 8-20-12 as shower shoes. They are shower shoes and S.C.D.C. try to say they are also used as regular shoes. The clogs have holes all over them and can't be worn in rainy or cold weather without that person getting sick.

(Id.) Plaintiff further complains that Defendant McFadden denied Plaintiff's grievance "without following" SCDC policies. (Id. at 3-4 of 5.)

Plaintiff asserts that Defendant McFadden violated Plaintiff's Due Process and Property rights. (Id. at 4 of 5.) Plaintiff alleges that McFadden "did not at any time restore [Plaintiff's] misplaced property." (Id.) In the "Relief" section of his Complaint, Plaintiff states that he seeks to have the sneakers replaced as well as $15,000.00 in compensatory damages. (Id. at 5 of 5.)

---

[1] The Honorable Richard M. Gergel dismissed Fordham v. McFadden, Civ. A. No. 2:13-cv-2596-RMG, in an Order signed on December 18, 2013.

3

## DISCUSSION

Plaintiff's Complaint is subject to summary dismissal. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." However, the Due Process Clause is not implicated by a negligent act of a state official causing unintended loss of or injury to life, liberty, or property. Daniels v. Williams, 474 U.S. 327 (1986); Pink v. Lester, 52 F.3d 73, 75 (4th Cir.1995). Thus, to the extent Plaintiff's claim for lost property sounds in negligence, that claim fails.

Furthermore, an intentional deprivation of property by a state employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for loss is available. Hudson v. Palmer, 468 U.S. 517, 536 (1984). In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization. See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir.1986) (citing S.C. Code Ann. § 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)). Accordingly, any due process claim for deprivation of property fails, and Plaintiff's Complaint should be summarily dismissed.

4

## RECOMMENDATION

For the foregoing reasons, Plaintiff's Complaint should be summarily dismissed, without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

March 3, 2015
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

5

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting the advisory committee's note to Rule 72 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.")).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).