IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Antrell Jermaine Fordham, *a/k/a Antrell Fordham, a/k/a Antrell J. Fordham*,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph Mc Fadden,<br><br>    Defendant. | No. 2:15-cv-0089-RMG<br><br>**ORDER** |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 9), recommending that this action be summarily dismissed without prejudice and without issuance of service. Plaintiff has filed objections to the R & R. For the reasons stated below, the Court the adopts the R & R and dismisses this case without prejudice.

## I. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

1

**B. Summary Dismissal**

*Pro se* complaints are construed liberally to allow the development of meritorious claims. *See, e.g., Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) ("[A] complaint, especially a pro se complaint, should not be dismissed summarily unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief ....") (internal quotations omitted). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## II. Discussion

Plaintiff is an inmate at Lieber Correctional Institution. He alleges that his sneakers were misplaced by prison staff and not returned to him when he was released from the Special Management Unit (SMU). (Dkt. No. 1 at 2, 3). Plaintiff claims that Defendant, the Warden at Lieber Correctional, violated his Due Process and Property rights by not replacing the sneakers. (*Id.* at 4). Plaintiff brought this same claim in a prior lawsuit. *See Fordham v. McFadden*, Case No. 2:13-cv-2596-RMG (D.S.C. Dec. 19, 2013). That suit was dismissed for the same reasons that this suit must be dismissed. To the extent Plaintiff alleges that Defendant was negligent in

2

the loss or destruction of his property, such an allegation does not implicate the Due Process Clause and does not state a claim under § 1983. *Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995). To the extent that Plaintiff alleges that Defendant willfully deprived him of property, his Due Process claim must fail because Plaintiff has a meaningful state law remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Specifically, prisoners in South Carolina may bring an action for recovery of personal property against officials who deprive them of property without state authorization, and such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." *McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986). Therefore, Plaintiff cannot state a claim for relief under Section 1983, and the Court agrees with the Magistrate Judge that his action should be summarily dismissed.

## IV. Conclusion

The Court **ADOPTS** the R & R (Dkt. No. 9) in full and **DISMISSES** this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

March 2̲5̲, 2015
Charleston, South Carolina

3